## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.                   No. CR 10-0542 JB

JASPER COOK,

   Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (I) the Defendant's Sentencing Memorandum, filed June 1, 2010 (Doc. 26); and (ii) the Defendant's Objection to Presentence Report, filed June 17, 2010 (Doc. 29). The Court held a sentencing hearing on July 7, 2010. The primary issue is whether the Court should sustain the objection to paragraph 12 in the Revised Presentence Investigation Report ("Revised PSR")(disclosed June 10, 2010), and amend the language of paragraph 12 to reflect that no evidence was presented that Defendant Jasper Cook used force when he engaged in sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2243(a)(1), and 2246(2)(A). For the reasons stated on the record and for further reasons consistent with those already stated, the Court will overrule in part and sustain in part Cook's objection to paragraph 12 of the Revised PSR. The Court will sentence Cook to 63 months in the custody of the Bureau of Prisons.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") on May 3, 2010. The PSR calculated Cook's offense level as 19 and his criminal history category at I, establishing a guideline imprisonment range of 30 to 37 months. Cook sexually

abused his stepdaughter from the time she was twelve years old until she was sixteen years old.  The sexual abuse was ongoing in nature, and involved sexual penetration of his stepdaughter while she was in Cook's custody and care.

Cook filed a Sentencing Memorandum on June 1, 2010, in which he states he has no objections to the sentencing guideline calculations in the PSR, and includes attached letters from family members and friends to aid in the Court's sentencing.  <u>See</u> Sentencing Memorandum at 1. He requests in his Sentencing Memorandum that the Court impose a sentence within the appropriate guideline range.  <u>See</u> Sentencing Memorandum at 1.

On June 10, 2010, the USPO disclosed the Revised PSR, which includes a 5-level enhancement for being a repeat and dangerous sex offender against minors, pursuant to USSG § 4B1.5(b)(1).  <u>See</u> Revised PSR ¶ 32, at 9.  The Revised PSR calculated Cook's offense level as 24 and his criminal history category at I, establishing a guideline imprisonment range of 51 to 63 months.  On June 17, 2010, Cook filed an objection to the Revised PSR.  Specifically, he objects to the last three sentences in paragraph 12 of the Revised PSR, which state:

> The victim described being sexually assaulted by Cook three months earlier while she was asleep in her bedroom.  She said Cook entered her room and forcibly pinned her legs apart on the bed and "raped" her, by inserting his penis into her vagina.  The victim described the assault as painful and she did not know if he ejaculated or if he wore a condom.

Revised PSR ¶ 12, at 4.  Cook argues that this incident never occurred and that no force was used in the incidents to which he has admitted.  <u>See</u> Objection at 1.  He contends that, in the most recent statement the victim gave, she indicated that Cook treated her like they were a couple. <u>See</u> Objection at 1-2 (citing Revised PSR ¶ 14, at 5).  Cook argues that her statement and his admissions establish that no force was used to commit the crime Cook admitted when he entered into the plea agreement.  <u>See</u> Objection at 2.  Cook represents that he does not object to the 5-level

enhancement in the Revised PSR, nor does he object to the Revised PSR's calculation of the guideline imprisonment range, and he asks the Court to impose a sentence within the applicable guideline range of 51 to 63 months.  See Objection at 2.  Plaintiff United States of America did not file a response either to the Sentencing Memorandum or to the Objection to the Presentence Report.

At the sentencing hearing, Michael Keefe, Cook's attorney, argued that paragraph 12 should reflect that Cook denies the incident discussed ever occurred and should state that no evidence was presented in support of the incident in paragraph 12.   See Transcript of Hearing at 4:18-5:5 (taken July 7, 2010)("Tr.")(Court, Keefe).[1]  Assistant United States Attorney Glynette Carson McNabb argued that the United States does not believe that there is an issue of force in this case that it could prove, which is why the United States stipulated in the plea agreement that the cross-reference in USSG § 2A3.2(c)(1)[2] does not apply.  See Tr. at 4:1-8 (Carson).  She argued that the United States does not object to amending paragraph 12, but stated that it should reflect that Cook denies that force was used, and not that he denies the sexual incident with the victim occurred. See Tr. at 5:14-18 (Carson).

Mr. Keefe further argued that Cook has strong family support, that the victim's mother, Cook's common-law wife, forgives him, and that Cook is focused on providing financially for his common-law wife and their four sons together.  See Tr. at 12:21-14:5 (Keefe).  Mr. Keefe requested the Court sentence Cook at the low end of the guideline range.   See Tr. at 17:2-5 (Keefe). Ms. Carson argued that the United States believes a sentence at the high end of the guideline range

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[2] The cross reference in § 2A3.2(c)(1) is appropriate if the offense involved criminal sexual abuse as defined in 18 U.S.C. § 2241(a)(1) -- knowingly causing another person to engage in a sexual act by using force against that other person.

is more appropriate in this case.  See Tr. at 17:16-18 (Carson).  She contended that, although the victim's mother and Cook's common-law wife wishes Cook home, the victim does not want to see Cook again and she wants to move on with her life.  See Tr. at 17:19-25 (Carson).  Ms. Carson argued that, because the victim is currently sixteen years old, a sentence of 63 months will allow her time to finish high school and move on by the time Cook is released and returns home.  See Tr. at 17:19-18:3 (Carson).

Cook does not object to the addition of a 5-level enhancement in the Revised PSR, nor does he object to the Revised PSR's guideline calculations.  Cook objects only to the last three sentences in paragraph 12 of the Revised PSR.  The Court has reviewed the PSR, the Revised PSR, and the memoranda that the USPO prepared in connection with this case, and the Court agrees with the parties that some amendment of paragraph 12 of the Revised PSR is appropriate.  The last portion of paragraph 12 will be amended to state:

> The investigative reports prepared by the Crownpoint Navajo Police Department and the FBI indicate that the victim described being sexually assaulted by Cook three months earlier while she was asleep in her bedroom; she said Cook entered her room and forcibly pinned her legs apart on the bed and "raped" her, by inserting his penis into her vagina; the victim described the assault as painful and she did not know if he ejaculated or if he wore a condom.  The defendant denies that force was used in the incident.

Cook, the United States, and the USPO indicated at the sentencing hearing that such amendment is appropriate.  See Tr. at 5:21-6:8 (Court, Carson, Keefe, Probation Officer).  The Court thus sustains in part and overrules in part Cook's objection to paragraph 12.  The Court will not remove the information the USPO received from the Crownpoint Navajo Police Department and the FBI investigative reports, or include that Cook denies the incident took place, but will amend paragraph 12 to reflect that Cook denies that force was used in the incident.

The Court accepts the plea agreement in this case.  The Court also accepts the United States'

justification for the stipulation in the plea agreement that the cross-reference in § 2A3.2(c)(1) is not appropriate in this case.  According to the United States, given its discussions with the victim, it would not be able to prove, by a preponderance of the evidence, that Cook used force or threats for the incidents to which he has pled in this case.  See Tr. at 7:10-24 (Court, Carson).

The Court has carefully considered the guidelines but in arriving at its sentence has taken account not only of the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes that the punishment set forth in the guidelines is appropriate for this sort of offense.  After careful consideration of the facts and circumstances of this case, the Court finds that a sentence at the high end of the guideline range, of 63 months, is necessary to reflect the seriousness of this offense.  The Court is also concerned that there is still not a full recognition by Cook of how serious this issue is.  Given the victim's age and the nature of the ongoing sexual assault, the Court thinks a sentence at the high end is necessary to promote respect for the law, because men of Cook's age and fathers cannot, regardless of the victim's possible consent, engage in this conduct.  The Court also believes this sentence provides a more just punishment.  The victim here is understandably conflicted about her feelings about her stepfather, and the Court believes Cook needs to be out of the home and give the victim the chance to grow up in her home, rather than being rushed to leave, given what has occurred.  The Court is concerned that the family is more sympathetic of Cook than of the victim, and there needs to be some time in which the victim is not under pressure to leave her home until she is legally an adult. The Court believes a sentence of 63 months affords adequate deterrence and protects the public, but also believes that the other factors -- the seriousness of the offense, promoting respect for the law, and providing a just punishment -- are the dominant factors in this case and counsel for a high-end

sentence.  The Court believes that the sentence is reasonable and is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

IT IS ORDERED that the Defendant's Objection to Presentence Report is sustained in part and overruled in part and Defendant Jasper Cook is sentenced to 63 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J.  Gonzales
  United States Attorney
Glynette Carson McNabb
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Michael A. Keefe
  Assistant Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*